UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO: **1:16-cr-89** |
| Plaintiff, | : | HON. JUDGE SUSAN J. DLOTT |
| v. | : | |
| PHILLIP WATKINS | : | |
| Defendant. | : | |

_____
**DEFENDANT'S SECOND MOTION TO WITHDRAW HIS GUILTY PLEA**
_____

Now comes Phillip Watkins ("Mr. Watkins"), the Defendant in the above captioned case, by and through undersigned counsel, and hereby respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), for an Order/Entry permitting him to withdraw his guilty plea entered in the above captioned case.

As grounds for this motion Counsel, on behalf of Mr. Watkins, submits and incorporates herein the following supporting memorandum.

Respectfully submitted,

***/s/ Cornelius "Carl" Lewis***
Cornelius "Carl" Lewis #0055700
The Lewis Law Firm, Inc., LPA
119 East Court Street
Cincinnati, OH 45202
513.632.9542/Office
513.721.5824/Fax
513.371.4520/Cell
Carllewislaw@gmail.com
Counsel for Phillip Watkins

1

## **MEMORANDUM**

**I.     Brief Background.**

On or about September 14, 2016 Mr. Watkins and a co-defendant were arrested on a Criminal Complaint ("Complaint") in the Southern District of Ohio alleging that he and a co-defendant violated 21 U.S.C. §§841(a), 846 and 856 by allegedly trafficking in heroin, fentanyl and carfentanil. [Doc. #1].

On or about September 15, 2016 Mr. Watkins appeared before a Magistrate in the Southern District of Ohio and answered to the Complaint wherein he was ordered detained pending trial [Doc. #5].

On or about September 21, 2016 a federal grand jury returned a seven-count indictment against Mr. Watkins and his co-defendant for one count of Conspiracy, five counts of Distribution and attempt to distribute a Controlled substance and one count of Operating a drug involved premises. [Doc. #16].

At some point in December 2016 Mr. Watkins was transferred from general population and placed in a single-cell where he was held in solitary confinement for 23 hours per day with no communication or interaction with others for more than 9 and ½ months. Mr. Watkins was not released from solitary confinement until he entered his guilty plea.

During this solitary confinement Mr. Watkins' mental and physical health suffered and deteriorated greatly.  It should be noted that prior to entering

2

the plea Mr. Watkins mental health deteriorated so much that he was moved from solitary confinement to an even more restrictive cell for suicide watch.

While being held in solitary confinement on the charges in this case a federal grand jury, on or about March 15, 2017, returned a three-count indictment against Mr. Watkins in Case No. 1:17-cr-38 case for Tampering with a Witness in violation of 18 U.S.C. §1512(a)(1)(A), Tampering with a Witness by Corrupt Persuasion in violation of 18 U.S.C. §1512(b)(1) and Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire in violation of 18 U.S.C. §1958 [Doc.#3 of Case No.1:17-cr-38]. On or about April 6, 2017 Mr. Watkins entered a not guilty plea to the new Indictment [Doc. #9 of Case No. 1:17-cr-38] and he was detained pending resolution of the charges against him. [Doc. #12 of Case No. 1:17-cr-38].

Subsequent to various pre-trial motions and hearings before this Honorable Court, on or about September 7, 2017 a Plea Agreement [Doc. #107] was filed and on the same day Mr. Watkins appeared before the Court and tendered a Guilty Plea to Count One of the Indictment to the case herein and the remaining Counts were dismissed.

Mr. Watkins entered the guilty plea so that he could be released from solitary confinement. He did not enter the plea knowingly, voluntarily and intelligently. Again, he only entered the plea because he was literally losing his mind in the prolonged solitary confinement and he was told that the only way he could be released was to enter the guilty plea.

**II. Legal Analysis.**

Federal Rule of Criminal Procedure 11(d)(2)(B) states that:

> "A defendant may withdraw a plea of guilty or nolo contendere: after the court accepts the plea, but before it imposes sentence if: the defendant can show a fair and just reason for requesting the withdrawal."

In Mr. Watkins' case it is clear that he can show and has shown a "fair and just reason for requesting a withdrawal of his previously tendered guilty plea," that reason being is that he did not enter the plea voluntarily, knowingly and intelligently. Mr. Watkins mind was not clear when he entered his guilty plea or even when the plea was discussed with him with his previous counsel given the 9 ½ months of solitary confinement, the last two of which were on suicide watch, during which he had no idea what he was doing or saying when he was approached by his prior counsel to execute the plea agreement [Doc.#107].

A guilty plea is only valid if it is entered knowingly, voluntarily and intelligently. United States v. Dixon, 479 F.3d 431, 434 (6th. Cir. 2012).

In determining whether or not a defendant seeking to withdraw his guilty plea under 11(d)(2)(B) should be granted the Court must look to the "totality of the circumstances" test set-forth in United States v. Bashara, 27 F.3d 1174 (6th. Cir. 1994).

The factors the *Bashara* court promulgated are: (1)the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in

4

the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) These factors "are a general, non-exclusive list and no one factor is controlling." United States v. Bazzi, 94 F.3d 1025, 1027 (6th Cir. 1996).

**(i) Amount of Time.**

While Mr. Watkins' pro-se motion to withdraw his guilty plea [Doc. #120] was filed and recorded only three months after entering the guilty plea on September 7, 2017, he actually drafted and wanted to file said motion on October 12, 2017 just a little over a month after he entered the guilty plea but he was unable to do so as he was awaiting a visit from his counsel. Nevertheless, a one or three-month delay between the tendering of the guilty plea and the motion to withdraw the guilty plea is not a long delay and should not be grounds for denial of Mr. Watkins' motion herein.

**(ii) Valid Reason for Failure to File Sooner.**

As previously stated in (i) above the only reason Mr. Watkins did not file his motion sooner than December 14, 2017 is because he was waiting for his lawyer to visit him. There exists a valid reason for why Mr. Watkins failed to move the Court earlier than December 14, 2017 to withdraw his plea and that is because his previous counsel did not agree with Mr. Watkins request to file

5

a motion to withdraw his guilty plea, so he was forced to file the motion pro-se.

**(iii) Mr. Watkins Maintains His Innocence.**

Mr. Watkins before, during and immediately after entering the guilty plea maintained and maintains his innocence to the indictment.

**(iv) Circumstances of Mr. Watkins Guilty Plea.**

As has already been stated, the underlying reasons for Mr. Watkins entering a guilty plea is because he desperately wanted to be released from solitary confinement and he was assured that if he entered the guilty plea he would immediately be released from his 23 hour a day, 9 ½ month solitary confinement in isolation.

**(v). Mr. Watkins Nature and Background.**

Mr. Watkins' mental state was of such concern that a motion for psychiatric evaluation was granted [Doc. #130] and Mr. Watkins was sent to New York for an extensive, comprehensive and detailed mental health evaluation for over three months. If Mr. Watkins mental health was in question on or about February of 2018, after Mr. Watkins had been placed back into general population, then certainly one would have to question his mental status at the time he was in solitary confinement when he entered his guilty plea.

**(vi). Mr. Watkins Prior Contacts with Criminal Justice System.**

Mr. Watkins has had prior contacts with the criminal justice system and the fact that he has prior convictions is further support that had he not been in isolation for 9 ½ months he would never have entered a guilty plea to the charges in this case because he has maintained his innocence from the beginning.

**(vii). Government Not Prejudiced.**

The Government is not and will not be prejudiced in any way if this Honorable Court grants Mr. Watkins motion to withdraw his guilty plea.

**III. Conclusion.**

It is both just and fair that this Honorable Court grant Mr. Watkins' motion to withdraw his plea given that he has shown this Honorable Court that his guilty plea was not knowingly, voluntarily and intelligently made. The totality of the circumstances surrounding Mr. Watkins guilty plea warrant this Honorable Court granting his motion to withdraw his guilty plea.

Respectfully submitted,

*/s/ Cornelius "Carl" Lewis*
Cornelius "Carl" Lewis #0055700
The Lewis Law Firm, Inc., LPA
119 East Court Street
Cincinnati, OH 45202
513.632.9542/Office
513.721.5824/Fax
513.371.4520/Cell
Carllewislaw@gmail.com
Counsel for Phillip Watkins

## **CERTIFICATE OF SERVICE**

 I hereby certify that the following was filed utilizing the CM/ECF system which generates services on all interested parties.

            ***/s/ Cornelius "Carl" Lewis***