# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,  :  Case Nos. 1:16-cr-089 & 1:17-cr-038
                                  Civil Case Nos. 1:22-cv-039 & 040

                                  District Judge Susan J. Dlott
- vs -                              Magistrate Judge Michael R. Merz

PHILLIP WATKINS,

        Defendant.  :

## ORDER FOR ANSWER; REPORT AND RECOMMENDATION ON GROUND FOUR

This proceeding under 28 U.S.C. § 2255 is before the Court for initial screening under Rule 4 of the Rules Governing § 2255 Proceedings. Upon filing, which occurred January 18, 2022 (i.e. before February 4, 2022), District Judge Dlott referred the Motion to Vacate to the undersigned (ECF No. 201). Watkins was granted an extension of time to file a memorandum in support of his Motion and the Magistrate Judge provided the initial Rule 4 screening would be done when that Memorandum was filed (ECF No. 202, PageID 957). The same Order provided that, by virtue of claiming ineffective assistance of trial counsel, Watkins had waived the privilege protecting attorney-client communications as to "any communications relevant to his claims made in either § 2255 Motion." *Id.* at PageID 957

1

It does not plainly appear from the face of the motion, the annexed exhibits, and the prior proceedings in the case that Defendant is not entitled to relief, except for Ground Four which is addressed below.  Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than May 1, 2022, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2255 Cases.  Specifically, said answer shall respond to each allegation made in the Motion (except those in Ground Four), raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer.  If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

**Ground Four:  Claim of Actual Innocence or Insufficient Evidence**

As his Fourth Ground for Relief, Watkins pleads:

> **Ground Four:**  Watkins pleads that he is entitled to habeas corpus relief because he is actually innocent.  Movant Watkins, argues that he stands "actually innocent" of his statutory enhancement for "serious *bodily-injury" as charged within Count One, Conspiracy and the Section 2D1.1 (a)(2) Guideline Adjustment, thus, to prevent a clear miscarriage of justice his conviction should be VACATED as to Count One, Conspiracy in the matter herein.
>
> **Supporting Facts:**  Movant Watkins, states that consistent with the U.S. Supreme Court's Ruling in *Burrage v. United States*, 571 U.S. 204, 210 (2014), thus, to establish "serious bodily injury" it must be

> proven that (1) knowingly and intentional distribution of heroin (and fentanyl]; and (2) serious bodily injury ("resulting from') by the use of that drug. id. at 210. To satisfy the second element, the Government must prove that use of the drug distributed by defendant was "but-for" cause of the serious bodily injury to Victim 2, see *United States v. Volkman,* 797 F.3d 377,392 (6th Cir. 2015) (emphasis added).
>
> The factual basis relied upon by this Court to comply with the Federal Rules of Criminal Procedure Rule 11(b) (3), is the statement of Special Agent Bohan, see Doc. #115, PageID.371-372, however, no *mens rea* is included and no evidence was offered to support that the drugs sold was the "but-for" cause of Victim Two's 'serious bodily injury" as required by U.S. Supreme Court precedents in *Burrage*, 571 U.S. at 210 (2014). The Rule 11 Plea Colloquy Is devoid of all the "essential elements" to establish GUILT as to Section 841 (b) (1) (C) "serious bodily injury," thus, his Guilty Plea as to Count One, Conspiracy was entered "unkowingly and unintelligently and involuntarily entered in which is VOID as it violates his Due Process Clause Rights of the Fifth Amendment of the U.S. Constitution. See *Bovkin*. 395 U.S. 238, 243 & f.n. 5 (1969); and *Murray v. Carrier,* 477 U.S. 478,496 (1985) (The U.S. Supreme Court held that a federal habeas corpus may be granted for one who is "actually innocent" of conviction.) (emphasis added).

(Motion, ECF No. 200, PageID 930-31).

As it reads on its face, Ground Four is a claim that Watkins is entitled to vacation of his conviction because he is "actually innocent" of the element of causing serious bodily injury to Victim 2 by the distribution of drugs. This is what is known as a freestanding actual innocence claim: I am entitled to habeas corpus relief because I did not do the crime in question.

However, the Supreme Court has never recognized a freestanding actual innocence claim. A claim of actual innocence alone is insufficient to warrant habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993). "A claim of actual innocence is not itself a constitutional claim, but instead a

3

gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010).

> Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), citing *Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Supreme Court has twice suggested that a "truly persuasive demonstration" of actual innocence would render a petitioner's execution unconstitutional. *Herrera v Collins,* 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518 (2006).

*Raymond v. Sheets*, 2012 U.S. Dist. LEXIS 160374, *26-27 (S.D. Ohio Nov. 8, 2012); *Stojetz v. Ishee,* 2014 U.S. Dist. LEXIS 137501 *185-86 (S.D. Ohio Sept. 24, 2014)(Frost, D.J.). Instead, a showing of actual innocence is said to open the "gateway" to presenting some constitutional violation which infects the conviction by excusing some procedural default. *Schlup v. Delo*, 513 U.S. 298 (1995); *McQuiggin v. Perkins,* 569 U.S. 383, 386-87 (2013). To put it simply, a claim of actual innocence does not state a claim under the Constitution on which habeas corpus relief may be granted.

Ground Four also fails because it is procedurally defaulted. As written, Ground Four claims the Government failed to present sufficient evidence to convict as to the conspiracy count. Watkins argues "Movant Watkins, asserts that as the result of a lack of a factual basis his conviction as to Count One, Conspiracy should be VACATED or GUILTY PLEA WITHDRAWN." (Memorandum, ECF No. 203, at PageID 979). He then cites *Jackson v. Virginia,* 443 U.S. 307 (1979), the leading case holding that the Fourteenth Amendment requires sufficient evidence be presented to support a finding of guilt. Other authority is to the same effect.

4

*In re Winship*, 397 U.S. 358, 364 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc).

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*).

Unlike a standalone actual innocence claim, a lack of sufficient evidence claim does state a claim upon which habeas corpus relief can be granted. However, Watkins procedurally defaulted this claim by failing to present it on direct appeal.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). The Sixth Circuit has held the procedural default analysis of *Wainwright* and its progeny is fully

applicable to § 2255 motions.  *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).  Although Watkins appealed from his conviction, he did not raise insufficient evidence as a basis for reversal and he has not shown excusing cause.  Ground Four should therefore be dismissed with prejudice, whether read as a standalone actual innocence claim or as an insufficient evidence claim.

**Conclusion**

The United States is ordered to answer the Motion to Vacate as set forth above except as to Ground Four.  The Magistrate Judge respectfully recommends Ground Four be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion as to Ground Four, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 1, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations as to Ground Four within fourteen days after being served with this Report and Recommendation. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #