# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,   :   Case Nos. 1:16-cr-089 & 1:17-cr-038
                                       Civil Case Nos. 1:22-cv-039 & 040

                                       District Judge Susan J. Dlott
- vs -                               Magistrate Judge Michael R. Merz

PHILLIP WATKINS,

        Defendant.   :

## SUPPLEMENTAL REPORT AND RECOMMENDATION ON GROUND FOUR

This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 205) to the Magistrate Judge's recommendation that Ground Four should be dismissed ("Report," ECF No. 204). District Judge Dlott has recommitted the case for reconsideration in light of the Objections (ECF No. 206).

The Report concluded that if Ground Four is read as a stand-alone claim that Watkins is entitled to relief because he did not commit the charged crime, it is not cognizable in habeas corpus because the Supreme Court has never recognized such a stand-alone actual innocence claim (Report, ECF No. 4, PageID 1016-18). If, on the other hand, Watkins is claiming the Government presented insufficient evidence on the element of causing serious bodily injury (i.e. a claim under

1

*Jackson v. Virginia*, 443 U.S. 307 (1979)), the claim is procedurally defaulted because it was not raised on direct appeal (Report, ECF No. 4, PageID 1018-1020).

Watkins does not accept the Report's distinction between a stand-alone actual innocence claim and an insufficient evidence claim. Instead he argues "that as the result of a lack of a factual basis as to the statutory enhancement of 21 U.S.C. 841 (b) (1) (C), thus, Phillip Watkins stands "actually-innocent" [of the] "serious bodily injury" enhancement as required by U.S. Supreme Court precedents," (Objections, ECF No. 205, PageID 1023, citing *Dretke v. Haley*, 541 U.S. at 397 (2004); *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994); and *Borrego v. United States*, 975 F. Supp. 520 (S.D.N.Y., 1997)). None of these cases recognizes a stand-alone actual innocence claim.

*Dretke* does not recognize a stand-alone actual innocence claim. Instead, it continues the Supreme Court's line of precedent recognizing proof of actual innocence only as excusing procedural default. Indeed, it narrows the occasions when proof of actual innocence can be used even for that purpose and holds that when a federal habeas court was

> Faced with claim that habeas petitioner was actually innocent of habitual offender charges, [the] federal habeas court should have first addressed alternative grounds for relief urged by petitioner, rather than extend [the] "actual innocence" exception to procedural default of constitutional claim of noncapital sentencing error.

541 U.S. at 394. And of course when actual innocence is claimed for any purpose, it must be supported by new evidence not heard by the jury. *Schlup v. Delo*, 513 U.S. 298 (1995). Watkins has presented no new evidence at all[1].

In *Maybrook* the United States Court of Appeals for the Fourth Circuit held that proof of actual innocence in the manner required by *Schlup* will excuse a procedural default in raising a

---

[1] Indeed, no evidence was ever presented in this case because Watkins waived trial and pleaded guilty.

2

claim on direst appeal. Sixth Circuit law is to the same effect. *Ray v. United States*, 721 F.3d 758, 761(6th Cir. 2013), *quoting Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) *citing United States v. Frady*, 456 U.S. 152, 167-68 (1982). Claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray, supra*, *citing Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). *Ray* does not recognize a stand-alone actual innocence claim or excuse failure to prove actual innocence to the *Schlup* standard when it is relied on to excuse a procedural default.

Similarly, *Borrego* is a case applying the actual innocence exception to excuse procedural default. It also does not recognize a stand-alone actual innocence claim or relax the *Schlup* proof standard.

Watkins asserts in the alternative that there is not an adequate factual basis upon which to find him guilty of statutory enhancement for causing serious physical injury.

In the Plea Agreement in this case, Watkins agreed to plead guilty to Count 1, Case No. 1:16-CR-089 with the following elements:

> (Conspiracy to Possess and Distribute a Controlled Substance)
> a) That two or more persons conspired, or agreed to commit the crime of Possession and Distribution of a Controlled Substance;
> b) That the Defendant knowingly and voluntarily joined the conspiracy; and
> c) That **serious bodily injury resulted** from a controlled substance distributed by the conspiracy.

(Plea Agreement, ECF No. 107, PageID 328; emphasis added). The parties stipulated to the attached Statement of Facts which included

> On or about August 20, 2016, WATKINS and Crawford sold these controlled substances [heroin and carfentanyl] to Victim-2, which resulted in Victim-2's drug overdose. During the drug overdose, Victim-2 lost consciousness, and suffered the failure of her respiratory system prior to revival by medical professionals.

*Id.* at PageID 334. The same facts were recited at the change of plea hearing by Task Force Officer Mark Bohan (Transcript, ECF No. 115, PageID 371). Watkins admitted that that statement was true. *Id.* at PageID 372. After the plea there was a great deal of post-plea motion practice, including a counseled Motion to Withdraw which does not claim there is an inadequate factual basis for conviction (ECF No. 134). After Judge Dlott imposed sentence, Watkins appealed to the Sixth Circuit (ECF No. 173). However, he made no claim on appeal that there was not an adequate factual basis for conviction (See *United States v. Watkins*, Case Nos. 19-3193/3197, unpublished, copy at ECF No. 196).

As amplified above, the Plea Agreement and the Change of Plea Transcript admit that Watkins caused serious bodily injury to Victim Two. Significantly, Watkins never claimed on appeal that there was not a sufficient factual basis for conviction. As the Report noted, that failure constitutes a procedural default of the insufficient evidence claim under *Frady, supra*. (ECF No. 204, PageID 1020). Again as noted in the Report, a procedural default can be excused by proof of actual innocence with new evidence of the quality required by *Schlup*. But Watkins has presented no new evidence at all.

Watkins cites two cases in which appellate courts held that summary dismissal was not proper, *Owens v. United States*, 483 F.3d 48, 60-61 (1st Cir. 2007) (summary dismissal improper when Section 2255 motion asserted plausible allegations that warranted fact-finding hearing); and *Pham v. United States*, 317 F.3d 178, 184-85 (2d Cir. 2003) (summary dismissal improper because petition presented facially valid claims). But Rule 4 of the Rules Governing § 2255 Proceedings

4

provides for summary dismissal where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." The prior proceedings plainly show Watkins admitted the factual basis he now claims is missing, he did not raise the insufficient evidence claim on appeal, and he has presented no new evidence of actual innocence so as to excuse his procedural default.

Accordingly, the Magistrate Judge again respectfully recommends Ground Four be dismissed with prejudice.

March 16, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #