IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                 Plaintiff,  :  Case Nos. 1:16-cr-089 & 1:17-cr-038
                                   Civil Case Nos. 1:22-cv-039 & 040

                                     District Judge Susan J. Dlott
- vs -                              Magistrate Judge Michael R. Merz

PHILLIP WATKINS,

                 Defendant.  :

---

## DECISION AND ORDER

---

This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF Nos. 205 and 208) to the Magistrate Judge's recommendation that Ground Four should be dismissed (ECF Nos. 204, 207).

The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

The Court accepts the distinction made by the Magistrate Judge between a stand-alone claim of actual innocence, which the Supreme Court has never recognized as a ground for habeas corpus relief, and actual innocence as excusing cause for a procedural default, which requires presentation of new evidence not presented to the jury. No evidence at all was presented to a jury

1

in this case because Watkins waived trial and pleaded guilty. Nor has Watkins presented any new evidence at all, a requirement of use of actual innocence to excuse a procedural default. *Schlup v. Delo*, 513 U.S. 298 (1995); *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005).

If instead of an actual innocence claim as it has been recognized by the Supreme Court, Watkins is claiming there was insufficient evidence to convict under *Jackson v. Virginia*, 443 U.S. 307 (1979), particularly on the but-for cause requirement of *Burrage*[1], that claim is procedurally defaulted because not presented on appeal.

The authority relied on by Watkins is not to the contrary.

In *Gibbs v. United States*, 655 F.3d 473 (6th Cir. 2011), the defendant argued he was "actually innocent" of a predicate state conviction relied on by the federal court to classify and punish him as a career offender. The Sixth Circuit rejected this argument as a "legal" as opposed to a "factual" innocence claim. The same logic applies here. Watkins has presented no new evidence that he is factually innocent of but-for causation of the injury that enhanced the penalty. Instead he claims failure of proof by the Government, a claim forfeited by not raising it on direct appeal.

In *Vanwinkle v. United States*, 645 F. 3d 365 (6th Cir. 2011), defendant claimed he was actually innocent the offense of misuse of an access device because a UPC label is not an access device as defined by federal law. While recognizing that actual innocence will excuse a procedural default, the Court found Vanwinkle essentially was making a "legal" innocence claim which he had defaulted by not raising it on direct appeal.

Watkins has presented no authority allowing a federal defendant to obtain habeas relief by construing an insufficiency of the evidence claim as an actual evidence claim.

---

[1] Watkins refers to the *Burrage* decision as creating a *mens rea* requirement. However, *Burrage* determined what had to be proven to show causation, not *mens rea.*

2

Accordingly, it is hereby ORDERED that Ground Four of the Motion to Vacate be dismissed with prejudice. Because this is an interlocutory decision, the Court makes no ruling on a possible certificate of appealability and the Clerk shall not enter judgment on this Decision. The case remains pending for the Government's answer and Defendant's reply as to his remaining claims.

April 1, 2022.

                                                                              Susan J. Dlott
                                                                              United States District Judge