# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,   :   Case Nos. 1:16-cr-089 & 1:17-cr-038
                                         Civil Case Nos. 1:22-cv-039 & 040

                                         District Judge Susan J. Dlott
- vs -                                  Magistrate Judge Michael R. Merz

PHILLIP WATKINS,

               Defendant.   :

## DECISION AND ORDER

This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 223) to the Magistrate Judge's Decision and Order Denying Motion to Amend (ECF No. 222) and Decision and Order (ECF No. 220) declining to expand the record with court-ordered affidavits from defense counsel (ECF No. 221).

The two Magistrate Judge decisions to which Objections have been lodged were both on pre-trial non-dispositive motions. Hence they are reviewed under Fed.R.Civ.P. 72(a) for clear error as to any factual findings and for any legal error.

As to Defendant's Motion to Amend, the Magistrate Judge correctly concluded the proposed amendment was barred by the statute of limitations because it did not arise from a common core of operative fact with the original § 2255 Motion. The gravamen of the proposed amendment was to add a claim of ineffective assistance of trial counsel based on counsel's failure

1

to argue that the newly-enacted First Step Act was applicable to this case, preventing a life sentence, and that if counsel had so advised Defendant, he would have had additional leverage in his argument to be allowed to withdraw his guilty plea. Defendant's ineffective assistance of trial counsel claim in his original § 2255 Motion is that counsel did not make various argument at sentencing which would have persuaded the undersigned to impose a lesser sentence. As the Magistrate Judge noted, there are hundreds of ways to provide effective assistance of counsel and, conversely, to fail to do so. Where the only relationship between two claims is that they both arise under the Sixth Amendment, they are not sufficiently related so as to arise from a common core of operative fact. The Court agrees that Watkins' proposed amendment would not relate back.

In his Motion to Expand the Record, Watkins complains that the Magistrate Judge did not follow American Bar Association Formal Opinion 10-456 in obtaining a waiver of attorney-client communication privilege from him. He seeks to have stricken from the record written communication between himself and one of his attorney and then to have the Court propound interrogatories to all his prior attorneys to obtain certain attorney-client communications.

The Magistrate Judge recognized the authority of the ABA Formal Opinion, but noted that the Sixth Circuit has not commanded compliance with it and has in fact recognized as sufficient the implicit waiver of the privilege a defendant makes when claiming ineffective assistance of trial counsel. (Decision, ECF No.220, PageID 1170, citing *In re Lott*, 424 F.3d 446 (6th Cir. 2005). The Court finds no error of law in this conclusion and agrees with the Magistrate Judge that the ABA Opinion should not be used by the Court as a discovery tool to compel trial attorneys to divulge communications about which there has been no claim of ineffective assistance of trial counsel.

In sum, Watkins' Objections are OVERRULED. The Court finds that the case is now ripe for decision and the Magistrate Judge is instructed to proceed with a report and recommendations on the merits.

July 25, 2022.

_____
Susan J. Dlott
United States District Judge