# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

              Plaintiff,    :    Case Nos. 1:16-cr-089 & 1:17-cr-038
                                          Civil Case Nos. 1:22-cv-039 & 040

                                          District Judge Susan J. Dlott
-   vs  -                                Magistrate Judge Michael R. Merz

PHILLIP WATKINS,

              Defendant.    :

## REPORT AND RECOMMENDATIONS

This proceeding under 28 U.S.C. § 2255 is before the Court for decision on the merits. In overruling Watkins' Objections to the Magistrate Judge's decisions on Watkins' Motion to Amend (ECF Nos. 222, 217) and declining to expand the record with court-ordered affidavits from defense counsel (ECF Nos. 221, 218), District Judge Dlott found "that the case is now ripe for decision and the Magistrate Judge is instructed to proceed with a report and recommendations on the merits." (Decision and Order, ECF No. 224, PageID 1200).

Defendant filed his § 2255 Motion in Case No. 1:16-cr-089 on January 18, 2022 (ECF No. 200) and in Case No. 1:17-cr-038 on the same date (ECF No. 93). After they were referred to him on January 26, 2022, Magistrate Judge Merz ordered the cases consolidated and all future filings be made in the 2016 Case (ECF No. 95). In the same Order, the Court granted Watkins an extension of time to February 25, 2022, to file a memorandum of law in support of his § 2255

1

motion. On March 1, 2022, the Magistrate Judge completed initial screening under Rule 4 of the Rules Governing § 2255 proceedings, ordered that the Government's answer be filed not later than May 1, 2022, and further provided Watkins' Reply would be due twenty-one days later (ECF No. 204). The same document recommended Ground Four be dismissed with prejudice.

Watkins objected as to Ground Four, but Judge Dlott overruled those objections on July 26, 2022 (ECF Nos. 205, 207, 209). Thus Ground Four has been dismissed and is no longer in issue, although Judge Dlott's July 26, 2022, Decision is not yet a final appealable order under Fed.R.Civ.P. 54. Watkins eventually filed a Reply on June 17, 2022 (ECF No. 216).

**Litigation History**

Watkins was charged as part of a seven count Indictment on September 21, 2016, with conspiracy to Distribute a Controlled Substance, Distribution of a Controlled Substance, and Operating a Drug Involved Premises. (ECF No. 16, PageID 73-76). Count One also charged that a victim had suffered serious physical harm as a result of the use of the controlled substances and analogues distributed by Watkins. A Superseding Indictment was filed against the Defendant on December 21, 2016, adding additional charges of distribution as well as the death of another victim as a result of the narcotics sold by the Defendant. (ECF No. 32, PageID 134-39).

On March 15, 2017, Defendant was charged in a separate Indictment in case number 1:17-CR-038 with Witness Tampering in violation of Title 18 U.S.C. 1512(a), as a result of allegations of trying to orchestrate a plot to murder witnesses using friends and family members to assist; the Defendant was separated from other inmates and denied access to his family. On August 2, 2017, the grand jury returned a Second Superseding Indictment (ECF No. 82).

On September 7, 2017, the Defendant entered a negotiated plea with the United States. In

exchange for the dismissal of the other remaining Counts, the Defendant entered a plea of guilty to Count 1 of the Second Superseding Indictment in case number 1:16-CR-089 and Count 1 of the Indictment in case number 1:17-cr-038 (Plea Agreement, ECF No. 107). For the next six months, Watkins tried unsuccessfully to withdraw his guilty plea, but on March 6, 2019, he was sentenced within the agreed range in the Plea Agreement. Watkins appealed, but the Sixth Circuit upheld denial of his motion to withdraw. *United States v. Watkins*, Case Nos. 19-3193 (6th Cir. Jun. 5, 2020)(copy at ECF No. 196). The Supreme Court of the United States denied certiorari January 19, 2021, and Watkins filed his § 2255 motions January 12, 2022.

Watkins pleads the following grounds for relief in Case No. 1:16-cr-089:

**Ground One:** Ineffective Assistance of Counsel: Attorneys Haas and Tierney

**Ground Two:** Ineffective Assistance of Counsel Resulting from Conflict of Interest.

**Ground Three:** Ineffective Assistance of Trial Counsel: Failure to File Motion to Dismiss Fatally Duplicative Counts of the Indictments

**Ground Four**: Actual Innocence [Already dismissed]

**Ground Five:** Violation of Due Process by Imposition of Solitary Confinement

**Ground Six:** Ineffective Assistance of Counsel (Attorney Lewis) for Failure to argue for Downward Departures at Sentencing

**Ground Seven:** Ineffective Assistance of Counsel on Appeal (Katie Steffes) by failing to raise non-frivolous claims as to Grounds One, Two, Three, Four, Five, and Six.

(Motion, ECF No. 200 in Case No. 2:16-cr-089). Watkins filed a duplicate § 2255 motion in 1:17-cr-038 (ECF No. 93). After the cases were consolidated, the United States filed a Response (ECF No. 211) and Watkins filed a Reply in support (ECF No. 216).

**Pre-Judgment Ineffective Assistance of Trial Counsel Claims**

In its Response, the Government defends against the claims of ineffective assistance of trial counsel made by Watkins in two prejudgment motions, ECF Nos. 156 and 157, as well as the post-judgment motions to vacate.

Examination of the docket shows no action taken by any party on these motions from the time these two pre-trial motions were filed (February 14, 2019) until the United States filed its Response to the § 2255 Motion. The Magistrate Judge did not treat them as still pending at the time the Order for Answer was filed -- following the standard practice of treating pre-judgment motions that have not been decided as of judgment as being denied – and did not order a response. Watkins' response as to these two motions is thus gratuitous and they are no longer pending.

# Analysis

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Watkins claims he received ineffective assistance of trial counsel from Herbert Haas and Kevin Tierney who represented him at the time he pleaded guilty. He contends that they performed deficiently in that they

> (1) Failed to investigate the "serious bodily injury" statutory enhancement pursuant to 21 U.S.C. 841 (b) (1) (C), to ensure that

4

>   the "but-for" cause requirement of the U.S. Supreme Court Ruling
>   in *Burrage* was met;
>
>   (2) Failed to require the Production by the Government of
>   exculpatory Medical Records as to Victim 2;
>
>   (3) Failed to discuss the evidence as it bears on those elements to
>   establish guilt for the "serious bodily injury" statutory
>   enhancement pursuant to 21 U.S.C. 841 (b) (1) (C), as charged in
>   Count One, Conspiracy and Tampering with a Witness:
>
>   (4) Erroneous advisement to plead guilty without adequate and
>   thorough pre-trial investigations.

(Motion to Vacate, ECF No. 200, PageID 923).

The Government responds that the record refutes Watkins' claims. Watkins replies that there are numerous elements of the offenses with which he was charged on which the United States presented no evidence. He implies that no such evidence was available to the Government, a fact which would have been evident if Haas and Tierney had diligently prepared for trial and which would have made it rational for him to have proceeded to trial instead of pleading guilty. In the Magistrate Judge's view, Watkins has the process backward: having accepted the benefit of a plea bargain, he now wants to force the Government to prove its case.

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Ray v. United States,* 721 F.3d 758, 761(6th Cir. 2013), quoting *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady,* 456 U.S. 152, 167-68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent"[1] of the crime. *Ray, supra*,

---

[1] Watkins' claim of actual innocence, pleaded in his Fourth Claim for Relief, has been dismissed.

5

citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). Federal appellate courts, however, prefer ineffective assistance of counsel claims to be presented in § 2255 motions to vacate. *Massaro v. United States*, 538 U.S. 500 (2003). Watkins' claim of ineffective assistance of trial counsel in his First Ground for Relief is not, therefore, barred by procedural default in not presenting it on direct appeal.

It is, however, barred by his guilty plea. Watkins entered into the governing Plea Agreement on September 7, 2017 (ECF No. 107). In it he agreed

> to plead guilty to Count 1 of the Second Superseding Indictment in Case No 1:16-CR-089, which charges him with Conspiracy to Possess and Distribute a Controlled Substance, in violation of 21 U.S.C. § 846, and to Count 1 of the Indictment in Case No. l:17-CR-038, which charges him with Tampering with a Witness, in violation of 18 U.S.C. § 1512(a), and will not withdraw his plea. The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

*Id.* at PageID 328, ¶ 1. In ¶ 2 he admitted that "serious bodily harm resulted from a controlled substance distributed by the conspiracy" alleged in the Indictment. He also admitted trying to kill the witness who was the victim of the witness tampering count. *Id.* In ¶ 4 he acknowledged his trial rights and the fact that he would be giving them up by pleading guilty. In ¶ 14, Watkins

> acknowledges that he has read and understands this plea agreement; that he accepts this plea agreement knowingly and voluntarily and not as a result of any force, threats, or promises, other than the promises in this plea agreement; that he has conferred with his attorney regarding this plea agreement and the facts and circumstances of his case, including the applicable law and potential defenses, and that he is fully satisfied with the representation, advice, and other assistance of his attorney in this case.

PageID 332. The Plea Agreement has an attached Statement of Facts to which Watkins agreed in which, *inter alia*, he admitted selling heroin and carfentanil to Victim 2, causing her to lose consciousness, and then trying to have her killed so she could not testify against him.

The same day as he signed the Plea Agreement, Watkins appeared before Judge Dlott and engaged in the plea colloquy required by Fed. R. Crim. P. 11. During that hearing he was sworn to tell the truth and then affirmed under oath all of the facts he had affirmed in writing in the Plea Agreement (Transcript, ECF No. 115).

Three months after pleading guilty Watkins attempted to withdraw his guilty plea. His *pro se* Motion to that effect significantly asserted that the Government had to prove but-for causation of the serious bodily injury per *Burrage v. United States,* 571 U.S. 204 (2014), and the allegations that he had attempted to murder a witness were exaggerated (ECF No. 120, PageID 390). There follows a typical shotgun allegation of ineffective assistance of trial counsel, largely mirrored in Ground One, that they failed to investigate the case. Watkins' Motion to Withdraw ignores that the Government had in hand his in-court under oath thoroughly cautioned admission that he sold the drug that rendered Victim 2 unconscious and in need of Narcan and that he later tried to get her killed.

With new counsel, Watkins obtained a competency examination and filed a new Motion to Withdraw (ECF No. 134). This time he claimed he only pleaded guilty because he was losing his mind from being held in solitary confinement (ECF No. 134, PageID 519). This had been imposed to interrupt his scheme of witness tampering by murder.

Judge Dlott denied the Motion to Withdraw. She noted she had inquired about Watkins' competence during the Plea Colloquy and counsel has assured he was completely lucid (ECF No. 137). Applying the required standard for motions to withdraw guilty pleas announced in *United*

*States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994), Judge Dlott denied the Motion to Withdraw, finding (1) "the 98-day delay between Watkins' plea and Letter/Motion seeking withdrawal weighs against permitting withdrawal at this juncture;" (2) Watkins' asserted reason for delay was unpersuasive; (3) Watkins did not maintain his innocence before, during, or after his plea; (4) Watkins' statements in the Motion about why he pleaded guilty are directly contradicted by what he said during the plea colloquy; (5) Watkins was found competent after a thorough independent examination; (6) Watkins had prior significant contact with the criminal justice system, including a prior conviction for felony drug trafficking; and (8) the Government would be prejudiced by the delay (Order, ECF No. 137). The Sixth Circuit on appeal held it was no abuse of discretion to refuse to allow withdrawal of the guilty plea. *United States v. Watkins*, Case No. 19-3193, 19-3197 (6th Cir. Jun. 5, 2020)(copy at ECF No. 196)**.**

Watkins' plea of guilty has been found to be knowing, intelligent, and voluntary in every way it has been tested in this case. It is therefore binding and subsumes the truth of every fact needed to convict in this case. Whether Haas and Tierney investigated the facts of the case as thoroughly as they might have been is therefore irrelevant even though Watkins has tendered no relevant fact they could have but did not discover. Watkins cannot show any prejudice from their assertedly deficient performance. Ground One should be dismissed with prejudice.

**Ground Two: Ineffective Assistance of Counsel Resulting from Conflict of Interest.**

In his Second Ground for Relief, Watkins claims he was subjected to ineffective assistance of trial counsel because Attorneys Haas and Tierney disagreed with him about his desire to withdraw his guilty plea and proceed to trial (Motion, ECF No. 200, PageID 925).

8

The record shows that Watkins filed his first Motion to Withdraw December 14, 2017 (ECF No. 120) and Attorneys Haas and Tierney moved to withdraw within a day or two (ECF Nos. 121, 122). The basis of their Motions to Withdraw was that, in the Motion to Withdraw his Guilty Plea, Watkins had accused them of ineffective assistance of trial counsel. Under those circumstances they could not continue and were obliged to seek leave to withdraw. Watkins does not suggest what they should have done instead.

Ground Two is without merit and should be dismissed with prejudice.

**Ground Three: Ineffective Assistance of Trial Counsel: Failure to File Motion to Dismiss Fatally Duplicative Counts of the Indictments**

In his Third Ground for Relief, Watkins claims he received ineffective assistance of trial counsel when his attorneys failed to move to dismiss fatally duplicative counts of the Indictments. Specifically he asserts:

> On August 2,2017, the Grand Jury issued a Second Superseding Indictment, see Doc. # 82. Relevant here Counts Two-Eight, charges Distribution and attempt to distribute a Controlled Substance, see Doc. # 82, PageID.264-266, thus, these seven counts charge two (2) separate offenses of a violation of 21 U.S.C. 841 (a) (1), and a violation of 21 U.S.C. 846, therefore, it is duplicitous as it violates Movant Watkins' constitutional rights to notice of the charges and hinder his ability to argue double jeopardy. It follows that Counts Two-Eight are fatally defective in violation of his Fifth and Sixth Amendment Rights of the U.S. Constitution. Movant Watkins, argues that his ex-lawyers' feilure [sic] to file Motion to Dismiss Counts Two-Eight amounts to 'deficient performance' in which satisfies the first prong of the *Hill v. Lockhart,* test.
>
> Actual prejudice exist (even though Cts. 2-8 were dismissed as the result of the plea agreement), as there is a reasonable probability that absent his ex-lawyers' 'deficient performance' a more favorable Plea Offer would have been negitiated [sic] or he would have proceeded

> to Jury Trial in which constitutes ineffective assistance of counsel in violation of his Sixth Amendment Rights of the U.S. Constitution in the case herein.
>
> See *Hill*, 474 U.S. at 59 (1985).

(Motion, ECF No. 200, PageID 928).

The United States notes that Watkins makes no legal argument as to why these counts are defective. Moreover, they were dismissed as a result of the Plea Agreement and Watkins offers no proof that their absence would have permitted his counsel to negotiate a better agreement.

In his Reply, Watkins relies on the decision of the Ninth Circuit Court of Appeals in *United States v. Ramirez*, 273 F.3d 903 (9th Cir. 2001), where he says the court held the defendant could not be convicted of both completed transportation and attempted transportation.

Counts Two through Eight of the Second Superseding Indictment charged Watkins and Jeanetta Crawford with both distributing and attempting to distribute controlled substances. Those counts are duplicitous and would have been dismissable on a motion prior to trial. But what would have been the result? While the Constitution may prevent trying a defendant on a duplicitous charge and convicting him on such a charge, it does not prohibit charging him with attempt and a completed offense in different counts of the same indictment. If trial counsel had raised this objection, in all likelihood there would have been a third superseding indictment. Indeed counsel may well have recognized the defect and held off doing anything in hopes that jeopardy would attach and reindictment would be impossible.

Speculation about pleading possibilities is unnecessary, however, because these counts were dismissed as part of the Plea Agreement and Watkins has offered no evidence their presence affected or could have affected the plea negotiations. In other words, even if counsel failed to recognize these counts were duplicitous, that had no plausible effect on the outcome.

**Ground Five: Violation of Due Process by Imposition of Solitary Confinement**

In his Fifth Ground for Relief, Watkins contends his conviction should be set aside because he was placed in solitary confinement.

> Movant Watkins, alleges that while he was a pre-trial detainee he was subjected to punishment due to 23 hour lockdown and prohibited from visits and telephone calls with his family; and his lawyers, thus, such Solitary Confinement also impaired his ability to conduct legal research in which lead to a Mental Breakdown in violation of his Due Process Clause Rights of the Fifth Amendment and Sixth Amendment of the U.S. Constitution, therefore, his convictions should be VACATED in the case herein.

(ECF No. 200, PageID 936).

In response the United States admits having had Watkins prevented from contacting family members because of his use of that access to attempt to have witnesses killed; indeed, the Statement of Facts attached to the Plea Agreement admits as much. On the other hand, the Government has documented that it did not prevent him from communicating with counsel[2], so there was no Sixth Amendment violation.

The Fifth Amendment claim is procedurally defaulted because it was not raised on direct appeal. *Frady, supra*. The procedural default analysis of *Wainwright* and its progeny is fully applicable to § 2255 motions. *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir.1993). Furthermore the claim is barred by Watkins' waiver of collateral review in the Plea Agreement except for ineffective assistance of trial counsel and prosecutorial misconduct claims. Finally, the claim is

---

[2] In its Response the Government documents actual contact Watkins had with family members after he was attempted to be cut off.

11

belied by the results of the competency examination provided by the Court. Ground Five should be dismissed with prejudice.

**Ground Six:  Ineffective Assistance of Counsel (Attorney Lewis) for Failure to argue for Downward Departures at Sentencing**

In his Sixth Ground for Relief, Watkins claims he received ineffective assistance of trial counsel when his attorney at sentencing, Carl Lewis, did not argue for downward departures:

> Movant Watkins, contends that his ex-lawyer Attorney Cornelius Lewis failed to object to the PSR as to his Section 2D1.1 (a) (2) Enhancement; the Denial of Acceptance of Responsibility; Section 2D1.1 (b) (12) Enhancement; Section 2D1.1 (b) (15) Enhancement; Section 3B1.1 (c) Enhancement; and failing to request a "downward variance" due to his harsh pre-trial detention, thus, absent such "deficient performance" there is a reasonable probability that his 25-year federal sentence would have been lower in which constitutes actual prejudice in violation of his Sixth Amendment Rights of the U.S. Constitution in the matter herein.

(Motion, ECF No. 200, PageID 936-37).

The Plea Agreement in this case embodied a range of 240 to 300 months. Watkins admits that he was sentenced within that range and that Attorney Lewis did argue for the lower end of the range (Reply, ECF No. 216, PageID 1112). Nevertheless he argues Lewis could have gotten a better result if he had "Objected to the PSR" and based his downward departure request on Watkins' harsh conditions of pre-trial detention. *Id.*

Watkins does not suggest what additional objection Lewis could have made to the PSR whose omission constitutes deficient performance? In other words, he does not tell the Court what possible objection would have been colorable.

Emphasizing the harsh conditions of pre-trial detention would have been a two-edged sword. It would have reminded Judge Dlott that she had refused to order those conditions mitigated and of the reasons for putting them in place: to prevent witness tampering by murder. What factors to argue in mitigation is a question of judgment for the trial attorney and the Magistrate Judge cannot agree avoiding the conditions of confinement was an error in judgment.

In the course of the sentencing proceeding itself, Watkins reiterated his position that his guilty plea was not knowing, intelligent, and voluntary (Transcript, ECF No. 192, PageID 841). Again, he repudiated his acceptance of the statement of facts attached to the Plea Agreement and asserted they were not true and he did not commit any crime. *Id.* at PageID 846. This led to the observation that "Mr. Watkins is no longer accepting responsibility for his conduct." *Id.*

Judge Dlott noted that the recommended Guideline sentence for Watkins' offenses was life imprisonment, but the Probation Department had recommended a downward departure to 300 months, the top of the agreed sentencing range. *Id.* at PageID 852. She found the base offense level under the Guidelines was 38. *Id.* at PageID 853. Two levels were added because Watkins made a credible threat of violence. *Id.* at PageID 854. Two more levels were added because Watkins maintained a premises for the purpose of manufacturing or distributing a controlled substance. *Id.* at PageID 854. Additional levels were added for Watkins' managing role, witness intimidation, and obstruction of justice for an adjusted offense level of 48. *Id.* Judge Dlott expressly found Watkins had not accepted responsibility for his conduct and was not entitled to that reduction. *Id.* at PageID 854.

Although the Guideline range for these offenses was life imprisonment, the Probation officer recommended a downward departure to 300 months in each case, served concurrently. *Id.* at PageID 859.

Even in his pre-sentence allocution, Watkins denied responsibility and asked to withdraw his plea. *Id.* at PageID 877.

It is very clear that the facts of this case would not have warranted giving Watkins credit in any ways for acceptance of responsibility. Therefore it cannot have been deficient performance to fail to argue for that result. And given that Judge Dlott herself found as a matter of fact that Watkins had not accepted responsibility, he suffered no prejudice from Lewis's failure to make the argument. Watkins' Sixth Ground for Relief is without merit and should be dismissed with prejudice.

**Ground Seven: Ineffective Assistance of Counsel on Appeal (Katie Steffes)
by failing to raise non-frivolous claims as to Grounds One, Two, Three, Four,
Five, and Six.**

In his Seventh Ground for Relief, Watkins asserts he received ineffective assistance of appellate counsel because his appellate counsel failed to raise "non-frivolous claims as to Grounds One, Two, Three, Four, Five, and Six." The Motion does not say what those allegedly non-frivolous claims were.

In opposition, the United States notes that appellate counsel raised the only issue available for appeal, to wit, the propriety of Judge Dlott's denial of Watkins' motion(s) to withdraw his guilty plea (Response, ECF No. 211, PageID 1158). In his Reply Watkins does little to flesh out his Motion to Vacate. He claims there was a "total breakdown in communications" between him and appellate counsel, but puts no substance on that assertion – what claims did he want Ms. Steffes to raise and why were they non-frivolous?

Under the Sixth Amendment, a criminal defendant is entitled to the same effective assistance of counsel on appeal as at trial. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*,

14

488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Watkins has not told the Court what non-frivolous claims he believes appellate counsel should have raised, much less argued why they were stronger than the issues she did raise. Ground Seven should therefore be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2255.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Watkins' Motion to Vacate (ECF No. 200) be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

August 3, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge