# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,  :  Case Nos. 1:16-cr-089 & 1:17-cr-038
                                  Civil Case Nos. 1:22-cv-039 & 040

                                  District Judge Susan J. Dlott
- vs -                             Magistrate Judge Michael R. Merz

PHILLIP WATKINS,

        Defendant.  :

## DECISION AND ORDER

This proceeding under 28 U.S.C. § 2255 is before the Court on the Report and Recommendations (ECF No. 225) of United States Magistrate Judge Michael R. Merz to whom this case was referred. Defendant has objected (ECF No. 226).

The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

**Litigation History**

The Report contains the following history of this case:

1

> Watkins was charged as part of a seven count Indictment on September 21, 2016, with conspiracy to Distribute a Controlled Substance, Distribution of a Controlled Substance, and Operating a Drug Involved Premises. (ECF No. 16, PageID 73-76). Count One also charged that a victim had suffered serious physical harm as a result of the use of the controlled substances and analogues distributed by Watkins. A Superseding Indictment was filed against the Defendant on December 21, 2016, adding additional charges of distribution as well as the death of another victim as a result of the narcotics sold by the Defendant. (ECF No. 32, PageID 134-39).
>
> On March 15, 2017, Defendant was charged in a separate Indictment in case number 1:17-CR-038 with Witness Tampering in violation of Title 18 U.S.C. 1512(a), as a result of allegations of trying to orchestrate a plot to murder witnesses using friends and family members to assist; the Defendant was separated from other inmates and denied access to his family. On August 2, 2017, the grand jury returned a Second Superseding Indictment (ECF No. 82).
>
> On September 7, 2017, the Defendant entered a negotiated plea with the United States. In exchange for the dismissal of the other remaining Counts, the Defendant entered a plea of guilty to Count 1 of the Second Superseding Indictment in case number 1:16-CR-089 and Count 1 of the Indictment in case number 1:17-cr-038 (Plea Agreement, ECF No. 107). For the next six months, Watkins tried unsuccessfully to withdraw his guilty plea, but on March 6, 2019, he was sentenced within the agreed range in the Plea Agreement. Watkins appealed, but the Sixth Circuit upheld denial of his motion to withdraw. *United States v. Watkins*, Case Nos. 19-3193 (6th Cir. Jun. 5, 2020)(copy at ECF No. 196). The Supreme Court of the United States denied certiorari January 19, 2021, and Watkins filed his § 2255 motions January 12, 2022.

(Report, ECF No. 225, PageID 1202-03.)

Watkins pleads the following grounds for relief:

**Ground One:** Ineffective Assistance of Counsel: Attorneys Haas and Tierney

**Ground Two:** Ineffective Assistance of Counsel Resulting from

2

Conflict of Interest.

**Ground Three:** Ineffective Assistance of Trial Counsel: Failure to File Motion to Dismiss Fatally Duplicative Counts of the Indictments

**Ground Four**: Actual Innocence

**Ground Five:** Violation of Due Process by Imposition of Solitary Confinement

**Ground Six:** Ineffective Assistance of Counsel (Attorney Lewis) for Failure to argue for Downward Departures at Sentencing

**Ground Seven:** Ineffective Assistance of Counsel on Appeal (Katie Steffes) by failing to raise non-frivolous claims as to Grounds One, Two, Three, Four, Five, and Six.

(Motion, ECF No. 200, PageID 923-40).

The Court has already dismissed Ground Four claiming actual innocence (ECF No. 209). The remaining grounds for relief are dealt with here.

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Watkins claims he received ineffective assistance of trial counsel from Herbert Haas and Kevin Tierney who represented him at the time he pleaded guilty in four separate respects, essentially for inadequate investigation. The Report found these claims barred by Watkins' guilty plea (Report, ECF No. 225, PageID 1208).

In his Objections on Ground One, Watkins concedes that the Court conducted a "pretty thorough" Rule 11 plea colloquy, but "this Court did not explain the "essential elements" of the offenses to Mr. Watkins as required by Sixth Circuit precedents, see *United States v. McCreary-*

3

*Redd,* 475 F.3d 718, 723-24 (6*" Cir. 2007)." (ECF No. 226, PageID 1219). Second, he claims a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), in the State's failure to disclose an investigative report he received from a private investigator "several weeks ago" and ineffective assistance of trial counsel in his attorneys' failure to discover this document. *Id.* at PageID 1221 Third, he claims his attorneys advised him that he faced a mandatory life sentence if convicted whereas the First Step Act provides only a mandatory minimum sentence of twenty-five years. *Id.* at PageID 1222.

All three of these are new claims, made for the first time in the Objections. None of them is a part of Watkins' original § 2255 Motion to Vacate. Watkins fails to acknowledge that they are new, perhaps because he realizes that his original Motion to Vacate was filed very close to expiration of the one-year statute of limitations and would be barred by the statute; the Court already denied a formal motion to amend (ECF No. 222).

In any event, objections under Fed.R.Civ.P. 72(b) cannot be used to add new claims. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In fact, the addition of new claims is barred even at the traverse or reply stage. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). The contrary rule would permit interjection of issues neither the Magistrate Judge nor the United States has had an opportunity to address.

Watkins' Objections on Ground One are overruled.

**Ground Two: Ineffective Assistance of Counsel Resulting from Conflict of Interest.**

In his Second Ground for Relief, Watkins claims he was subjected to ineffective assistance

of trial counsel because Attorneys Haas and Tierney disagreed with him about his desire to withdraw his guilty plea and proceed to trial (Motion, ECF No. 200, PageID 925). The Report recommended this claim be dismissed because as soon as these two attorneys realized the disagreement, both of them moved to withdraw (Report, ECF No. 225, PageID 1209).

Watkins objects that the Report fails to address the heart of this conflict of interest claim and cites to *Cuyler v. Sullivan*, 446 U.S. 335 (1980).

What Watkins has pointed to is not a conflict of interest, but a conflict of position on the issues. Attorneys Haas and Tierney had urged Watkins to accept the offered plea bargain and he did so on September 7, 2017. Three months later Watkins filed a *pro se* Motion to Withdraw his guilty plea in which he accused Haas and Tierney of ineffective assistance of trial counsel (ECF No. 120). Haas and Tierney immediately moved to withdraw (ECF Nos. 121, 122) which the Court promptly granted (Minute Entry for January 5, 2018) . Watkins has simply not shown any conflict of interest and his Objections as to Ground Two are overruled.

**Ground Three: Ineffective Assistance of Trial Counsel: Failure to File Motion to Dismiss Fatally Duplicative Counts of the Indictments**

In his Third Ground for Relief, Watkins claims he received ineffective assistance of trial counsel when his attorneys failed to move to dismiss fatally duplicative counts of the Indictments. The Report agreed that there were duplicitous counts of the Indictments charging both an attempt and a completed offense and that they would have been dismissable on motion prior to trial (Report, ECF No. 225, PageID 1210). The Report hypothesized a strategic reason for not moving for dismissal pre-trial: if the Indictment remained unamended until after jeopardy attached, Watkins' counsel could have relied on double jeopardy to dismiss the more serious charge in each

count.  More importantly, these charges were in fact dismissed as part of the plea agreement and thus there was no prejudice from lack of a pre-trial motion.

Watkins objects that dismissal of these charges would have induced the Government to offer a more favorable plea agreement, but that claim is purely speculative – Watkins offered no evidence for it before the Report was filed.  Watkins objections as to Ground Three are overruled.

**Ground Five: Violation of Due Process by Imposition of Solitary Confinement**

In his Fifth Ground for Relief, Watkins contends his conviction should be set aside because he was placed in solitary confinement pre-trial.  The Report concluded Ground Five was procedurally defaulted because Watkins did not raise it on direct appeal (ECF No. 225, PageID 1211).

Watkins attempts to excuse his default by asserting it was caused by ineffective assistance of appellate counsel (Objections, ECF No. 226, PageID 1226).  The Plea Agreement did preserve Watkins' right to file a § 2255 motion based on ineffective assistance of counsel and he did so as to appellate counsel in Ground Seven.  However, as the Report points out, Ground Seven does not plead a cognizable claim of ineffective assistance of appellate counsel because it fails to enumerate what colorable claims appellate counsel did not make that were stronger than those she did make.  Instead it merely makes the conclusory shotgun claim that appellate counsel omitted issues that were stronger than the ones she raised, but it never says what those issues are.  A successful claim of ineffective assistance of appellate counsel could provide excusing cause, but Watkins had neither pleaded nor proven such a claim.  See *Edwards v. Carpenter*, 529 U.S. 446 (2000).  As the Report points out, the Court had Watkins' competency to stand trial evaluated professionally, so the record rebuts his claim that the solitary confinement made him incompetent.

6

Watkins' Objections as to Ground Five are overruled.

**Ground Six: Ineffective Assistance of Counsel (Attorney Lewis) for Failure to argue for Downward Departures at Sentencing**

In his Sixth Ground for Relief, Watkins claims he received ineffective assistance of trial counsel when his attorney at sentencing, Carl Lewis, did not argue for downward departures. As the Report notes, the agreed sentencing range was 240-300 months and Attorney Lewis did argue for the lower end of the range. Watkins does not suggest any objections Lewis could have made to the PSR. While he notes Lewis could have emphasized his harsh pre-trial treatment, he neglects to mention the Court refused to modify those conditions, acquiescing in the U.S. Attorney's decision it was necessary to prevent witness tampering of the most severe nature, tampering Watkins pleaded guilty to.

Watkins does not suggest any basis on which the Court would likely have departed downward if the request had been made. In particular, the claim that Watkins should have received a reduction for acceptance of responsibility is completely unpersuasive, given Watkins multiple attempts to withdraw his guilty plea and his claim of actual innocence in his Motion to Vacate.

Watkins' Objections on Ground Six are overruled.

**Ground Seven: Ineffective Assistance of Counsel on Appeal (Katie Steffes) by failing to raise non-frivolous claims as to Grounds One, Two, Three, Four, Five, and Six.**

In his Seventh Ground for Relief, Watkins asserts he received ineffective assistance of appellate counsel when his appellate attorney failed to raise "non-frivolous claims" as to Grounds One through Six. The Report recommended this Ground for Relief be dismissed for failure to state

7

a claim upon which relief could be granted. The Report noted "Watkins has not told the Court what non-frivolous claims he believes appellate counsel should have raised, much less argued why they were stronger than the issues she did raise." (Report, ECF No. 225, PageID 1215).

Watkins objects that all of his § 2255 grounds for relief are non-frivolous.  Because he has referenced them together in his § 2255 Motion, he claims he has shown deficient performance and prejudice.

However, the test for ineffective assistance of appellate counsel is not whether there are non-frivolous grounds that were not raised, but whether those grounds are more persuasive than the grounds that were raised.  To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing  Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*., *citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52).  The Report correctly concluded that Watkins' summary argument in this § 2255 proceeding was not persuasive in showing counsel was ineffective in failing to raise precisely the same arguments Watkins makes here *pro se*.  Watkins' Objections on Ground Seven are overruled.

Pursuant to Rule 8(a) of the Rules Governing § 2255 Proceedings, the Court finds this case can properly be resolved on the record already made and no evidentiary hearing is warranted.

Accordingly, it is hereby ORDERED that the Report be ADOPTED and Motion to Vacate herein be DENIED with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. The Clerk shall enter judgment dismissing this § 2255 proceeding with prejudice.

September 8, 2022.

S/Susan J. Dlott<br>Susan J. Dlott<br>United States District Judge