# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

      Plaintiff, : Case Nos. 1:16-cr-089 & 1:17-cr-038
            Civil Case Nos. 1:22-cv-039 & 040

            District Judge Susan J. Dlott
 - vs -       Magistrate Judge Michael R. Merz

PHILLIP WATKINS,

      Defendant. :

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND JUDGMENT

This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Motion under Fed.R.Civ.P. 59(e) to Alter or Amend the Judgment (ECF No. 229). As a post-judgment motion, it is referred to the Magistrate Judge for a report and recommendation.

Watkins seeks to have the judgment reopened and the Court order an evidentiary hearing on his First Ground for Relief wherein he claimed ineffective assistance of trial counsel in that they

> (1) Failed to investigate the "serious bodily injury" statutory enhancement pursuant to 21 U.S.C. 841 (b) (1) (C), to ensure that the "but-for" cause requirement of the U.S. Supreme Court Ruling in *Burrage* was met;
>
> (2) Failed to require the Production by the Government of exculpatory Medical Records as to Victim 2;

1

>(3) Failed to discuss the evidence as it bears on those elements to establish guilt for the "serious bodily injury" statutory enhancement pursuant to 21 U.S.C. 841 (b) (1) (C), as charged in Count One, Conspiracy and Tampering with a Witness;
>
>(4) Erroneous advisement to plead guilty without adequate and thorough pre-trial investigations.

(Motion to Vacate, ECF No. 200, PageID 923). The Magistrate Judge recommended this Ground for Relief be dismissed as barred by Watkins' guilty plea (Report, ECF No. 225, PageID 1206). Although Watkins objected, Judge Dlott adopted that recommendation. The Report noted that Watkins had attempted several times to withdraw his guilty plea, but Judge Dlott declined and the Sixth Circuit held that was not an abuse of discretion. *United States v. Watkins*, Case No. 19-3193, 19-3197 (6th Cir. Jun. 5, 2020)(copy at ECF No. 196).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"Betts *v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

>Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
>To constitute "newly discovered evidence," the evidence must have been previously unavailable. See *ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191

2

(W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)."

Watkins claims he received bad advice from his attorneys which led him to plead guilty and renders the plea invalid. He seeks an evidentiary hearing now on this topic. But he never suggests what the bad advice was. The validity of his plea has been repeatedly litigated in this Court and on appeal. Thus Watkins seeks to re-litigate an issue on which he has been repeatedly heard. On that basis his Motion to Amend the Judgment should be denied.

September 29, 2022.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

3

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
