# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

      Plaintiff, : Case Nos. 1:16-cr-089 & 1:17-cr-038
            Civil Case Nos. 1:22-cv-039 & 040

            District Judge Susan J. Dlott
- vs -          Magistrate Judge Michael R. Merz

PHILLIP WATKINS,

      Defendant. :

## DECISION AND ORDER DENYING MOTION TO AMEND JUDGMENT

   This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 231) to the Magistrate Judge's Report and Recommendations (ECF No. 230) to deny Defendant's Motion under Fed.R.Civ.P. 59(e) to Alter or Amend the Judgment (ECF No. 229).

   The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

   The Court entered judgment denying Defendant's Motion to Vacate under 28 U.S.C. § 2255 on September 8, 2022 (ECF Nos. 227, 228). Defendant timely moved under Fed.R.Civ.P. 59(e) to amend the judgment (ECF No. 22), asserting he had pleaded guilty based on bad advice

1

from his attorneys. The Report notes that a Rule 59(e) motion is not an appropriate place to reargue the case, and notes Watkins never states what the supposed bad advice was. The Magistrate Judge also noted Watkins had tried several times to withdraw his guilty plea, but the Court refused and the Sixth Circuit held there was no abuse of discretion in that refusal.

Watkins asserts it was an error of law to enter judgment without conducting an evidentiary hearing and moves the judgment be reopened and such a hearing be held. In particular, he asserts the judgment is in error in concluding his claim in Ground One is barred by his guilty plea. He relies on *McMann v. Richardson,* 397 U.S. 759 (1970), for the proposition that a guilty plea which is not intelligent because of incompetent advice of counsel can be set aside. He argues his guilty plea was "based upon the erroneous advisement given to him and the product of ineffectiveness" because it was not based on "adequate and thorough pre-trial investigations." (Objections, ECF No. 229, PageID 1268).

As proof, Watkins relies on Attachment A to his Objections on the merits which claims his attorneys should have "made efforts to secure information in the possession of the prosecution and law enforcement authorities. . ." *Id.* at PageID 1272. He then claims

> Movant Watkins, states that **several weeks ago**[1] the Precision Investigation &Consulting, LLC private investigator handed over to Phillip Watkins a Springfield Township Police Department Investigative Report dated Sunday, August 21, 2016, see Attachment B, however, the Government did not hand over this Investigative Report to the defense nor did his ex-lawyers conduct adequate pre-trial investigations to discover this Investigative Report in which reveals that the Springfield Township Police seized from the search of the area where Kathy Fairbanks overdosed a Marijuana Grinder, Pill Crusher, and Char Boy and two cell phones, thus, this evidence was critical to gain access to for the defense so that paraphernalia could be tested to determine the "but-for" cause

---

[1] Watkins' Objections on the merits were filed August 22, 2022. "Several weeks before" would have been approximately August 1, 2022, six years after the overdose in question.

>of the drugs Ms. Fairbanks overdosed off on August 21, 2016, In the case herein.

(Objections, ECF No. 229 PageID 1272-73.)  Watkins argues that these items could have been tested with respect to the "but for" causation element of the crime of which he was convicted, but that argument is completely speculative at a number of levels.

In McMann, supra, one of the petitioners as convicted based on a coerced off-the-record confession which his attorney advised made his case hopeless.  In this case "the Government had in hand [Watkins'] in-court under oath thoroughly cautioned admission that he sold the drug that rendered Victim 2 unconscious and in need of Narcan and that he later tried to get her killed."  Given those circumstances and those recited in the Magistrate Judge's  Report and Recommendation on the merits, the law does not require an evidentiary hearing  Defendant's Motion to Amend the Judgment is denied.

Dated: November 2, 2022

S/Susan J. Dlott_____<br>
Susan J. Dlott<br>
United States District Judge